*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CENTRIA HOME REHABILITATION, LLC and
ALONZO WHITE,

Plaintiffs,

and

RESIDENTIAL CARE SOLUTIONS, LLC,

Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
January 19, 2023

No. 359891
Oakland Circuit Court
LC No. 2020-181997-NF

Before: M.J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Alonzo White's legs were amputated as a result of an automobile striking him while he was a pedestrian. Progressive Marathon Insurance Company was the insurer of the vehicle. White required 12-hour care and Americans with Disabilities Act (ADA), 42 USC 12101 *et seq*, accessible housing because of his injuries. Residential Care Solutions, LLC (RCS), leased an apartment and provided services for White while billing Progressive. Progressive did not pay, and RCS filed suit. The trial court granted Progressive partial summary disposition, dismissing RCS's claims, because MCL 500.3107(1)(a) did not include housing services that were not a cause of the injuries. We affirm.

RCS is a company that provides accessible housing and accommodations to injured persons, which includes paying for ADA-accessible housing. RCS charged Progressive $170 a day for the rent and services that were provided to White, but it stated that the charge was "[f]or the daily rate for A-D-A accessible housing." According to RCS, the non-rent expenses included utilities and cleaning supplies. It also stated that none of the services it provided, however, were

for White's care because Centria Home Rehabilitation, LLC, provided White 24-hour care. White stated that neither he nor RCS ever made any modifications to the apartment.

Progressive moved for summary disposition under MCR 2.116(C)(10), alleging that the housing accommodations provided to White were for ordinary everyday products, services, or accommodations, and, thus, they were not allowable expenses under MCL 500.3107(1)(a). Additionally, Progressive argued that the expenses billed by RCS were the same expenses that White had before the accident.

The trial court held that "[r]ent and utilities are expenses that an uninjured person has to pay as well, and [RCS] fails to articulate what other expenses White has." Further, if RCS were not involved, then White could have rented the exact same apartment for $1,620 a month, with no further accommodations.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

"The no-fault act does not address with specificity to what extent an insurer must supply an insured accommodations in the form of housing." *Williams v AAA Mich*, 250 Mich App 249, 258; 646 NW2d 476 (2002). Under MCL 500.3107, personal protection insurance benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). With that said, "the statute does not require compensation for any item that is reasonably necessary to a person's care in general." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 534; 697 NW2d 895 (2005). Instead, " 'care' must be related to the insured injuries." *Id*. Our Supreme Court defined "care" as having "a meaning that is broader than "recovery" and "rehabilitation," "encompass[ing] expenses for those products, services, or accommodations whose provision is necessitated by the injury sustained in the motor vehicle accident." *Id*. at 535. In contrast, "an ordinary, everyday product, service, or accommodation is not compensable under MCL 500.3107(1)(a) because that expense cannot be *for* the claimant's care, recovery, or rehabilitation." *Admire v Auto-Owners Ins Co*, 494 Mich 10, 26-27; 831 NW2d 849 (2013).

> In sum, MCL 500.3107(1)(a) only requires an insurer to pay for products, services, and accommodations that are reasonably necessary to the object or purpose of "an injured person's care, recovery, or rehabilitation." Postaccident expenses of a wholly new essential character satisfy the statutorily required causal connection that expenses be *for* the injured person's care, recovery, or rehabilitation. [*Id*. at 30.]

In this case, the apartment was not an allowable expense because it was not an expense for White's care that resulted from the injuries. There is no dispute White needed ADA-accessible housing because of the injuries he sustained in the automobile accident, but Progressive established that the apartment was already ADA-compliant and commercially available, and RCS did not make any additional modifications to the apartment to accommodate White's injuries from the automobile accident. Additionally, RCS did not allege that it performed any services for White's care. Instead, White had full-time caregivers provided by Centria. Therefore, the evidence demonstrates the apartment is not of a "wholly new essential character" as compared to the housing White needed before he was injured, so it is not compensable under MCL 500.3107(1)(a). See *Admire*, 494 Mich at 30.

Importantly, RCS did not demonstrate that White had new housing expenses related to his injury. RCS provided no evidence regarding the difference between White's housing expenses before the accident and after the accident, or that ADA-accessible housing is more expensive than non-ADA-accessible housing. RCS failed to present evidence that would have created a genuine issue of material fact regarding whether White's postaccident housing expenses were causally related to his injuries. See *Admire*, 494 Mich at 30; see also *Griffith*, 472 Mich at 531. Therefore, the trial court properly granted partial summary disposition of RCS's claim.

Affirmed. Progressive, as the prevailing party, may tax costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle